IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE GOODRICH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv540-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion pursuant to 28 U.S.C. § 2255 filed on May 30, 2014, by federal inmate Steven Wayne Goodrich ("Goodrich). Goodrich challenges the 240-month sentence imposed upon him by this court in September 2003 following his conviction for one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); one count of possession of pseudoephedrine knowing that it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2); and one count of manufacturing and possessing with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See* Criminal Case No. 3:02cr13-WHA.

Goodrich contends that his sentence violates the United States Supreme Court's recent holding in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). For the

reasons now discussed, this court concludes that Goodrich is not entitled to any relief and that his § 2255 motion should be summarily dismissed.

## I. DISCUSSION

As noted, Goodrich claims his sentence violates the recent holding in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).[1] This is the second § 2255 motion filed by Goodrich attacking the convictions and/or sentence imposed against him in Criminal Case No. 3:02cr13-WHA. Goodrich's first § 2255 motion was filed on November 15, 2004. *See* Doc. No. 1 in Civil Action No. 3:04cv1124-WKW. This court decided all claims presented in that initial § 2255 motion adversely to Goodrich. *See* Civil Action No. 3:04cv1124-WKW - Doc. No. 30, December 6, 2006, recommendation of the magistrate judge, adopted as judgment of the district court by final order of May 11, 2007 - Doc. Nos. 34 and 35.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the

[1] In *Alleyne*, the Supreme Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. 133 S.Ct. 2151. From the arguments asserted by Goodrich in his instant motion, it is not apparent that *Alleyne* is applicable in theory to his case, because Goodrich does not allege facts indicating that judicial factfinding at his sentencing resulted in imposition of a higher *statutory* minimum sentence. Goodrich challenges a finding by the trial court that resulted only in an increase in his sentencing guideline level.

motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Goodrich has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Goodrich's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be dismissed, as Goodrich has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before July 8, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 24th day of June, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE